**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 7:18-CR-00855-S2 |
| | § | |
| MEISY ANGELICA ZAMORA | § | |

**DEFENDANT'S RENEWED MOTION TO REVOKE DETENTION ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MEISY ANGELICA ZAMORA, Defendant, by and through her undersigned counsel Christopher Sully, and respectfully moves to revoke the detention order in her case.

There are changed circumstances since Mrs. Zamora filed her first motion to revoke the detention order and set conditions of release. First, the nature and circumstances of the offense charged: Before the government's position was that it would prove at trial that every single one of the patients seen at Mrs. Zamora's husband's medical clinic since it opened in approximately 2000 until the time of his arrest in 2018 was fraudulently diagnosed, amounting to a fraud of approximately $250 million. At the most recent hearing, the government conceded that it would present evidence at trial of only 24 patients that were allegedly misdiagnosed. Based on the billing records, it appears that those patients were seen between late 2007 and 2018; the total claims submitted were approximately $431,562.15; and the total paid on those claims was only about $174,830.46—a far cry from the $250 million the government had initially alleged.

Second, the conditions available to reasonably assure Mrs. Zamora's appearance at future court proceedings: To address the concerns about her residence being too close to the international border, Mrs. Zamora now has at least one more place that she could stay under home detention that would be farther from the border.

1

Third, pre-trial delay: Mrs. Zamora has, as of the filing of this motion on June 26, 2018, spent 332 days in custody for offenses of which she is presumed innocent, with no trial date set. This delay is largely due to the government's recent production of over a million pages of records and its stated unavailability for trial on certain dates due to another trial where the defendants are out on bond. An excessively prolonged detention may become so unreasonable in relation to the regulatory goals of detention that it violates due process. *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989). With the next status hearing in this case on July 12, 2019, Mrs. Zamora will have spent over a year and at least 381 days in custody before she even gets a trial date if conditions of release are not set.

To recap Mrs. Zamora's characteristics, she has resided at the same home in Mission, Texas, for two decades. She has strong ties to the community, including three children who are United States citizens, all of whom live in the U.S., including her fourteen-year-old daughter that has resided with her in Mission, Texas, her whole life. With both Mrs. Zamora and her husband detained, that minor daughter is left without a parent to care for her. That daughter is perhaps Mrs. Zamora's strongest tie to the community, as Mrs. Zamora would not flee and abandon her daughter, nor would she take her daughter from the county she has known as her home her whole life.

Mrs. Zamora has no criminal history and no history relating to drug or alcohol abuse.

Even though she was not required to, she attended all but one of the hearings in her husband's case, and was arrested on June 26, 2018, at the courthouse when she arrived to attend her husband's hearing, even though it had been evident since at least early 2017 that she would likely also be arrested as part of her husband's case. Despite no new apparent evidence against her since her husband's arrest in May 2018, the government chose to wait until then to arrest her, secure in the knowledge that she would not flee, but instead would come to the courthouse where

agents could arrest her at their convenience. If that does not demonstrate an absence of risk of non-appearance at court, it is hard to imagine what would.

There is no presumption in favor of detention in this case; therefore Mrs. Zamora should be released pending trial on reasonable conditions, unless the government can prove that there is no combination of conditions that would reasonably assure her appearance at future court proceedings. *See* 18 U.S.C. § 3142(c). The government has not even alleged, and there is no evidence to suggest, that Mrs. Zamora would be a danger to the community if released. She is presumed innocent throughout these proceedings. 18 U.S.C. § 3142(j).

There are several conditions and combinations of conditions that can reasonably assure her appearance at future court proceedings. *See, e.g.,* 18 U.S.C. § 3145(c)(1)(B)(i-ix), (xi-xii), (xiv). Accordingly, for the reasons stated in this motion and in connection with her original motion to revoke the detention order, Mrs. Zamora respectfully requests that she be released pending trial on reasonable conditions.

Respectfully submitted,

*s/Christopher Sully*
CHRISTOPHER SULLY
Attorney-in-Charge
Counsel for Meisy Angelica Zamora
Southern District of Texas 1119552
Texas State Bar No. 24072377
LAW OFFICE OF CHRIS SULLY
5804 N. 23rd St.
McAllen, TX 78504
Tel.: (956) 413-7271
Fax: (888) 990-1525
csully@sullylaw.com

4

**CERTIFICATE OF CONSULTATION**

Assistant U.S. Attorney Andrew Swartz is opposed to this motion.

*s/Christopher Sully*
CHRISTOPHER SULLY

**CERTIFICATE OF SERVICE**

On May 28, 2019, this motion was served on Assistant U.S. Attorneys Andrew Swartz and Kevin Lowell via ECF.

*s/Christopher Sully*
CHRISTOPHER SULLY