# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATE OF AMERICA | § | |
| | § | |
| VS. | § | CRIM. NO. 7:18-cr-00855-02 |
| | § | |
| MEISY ANGELICA ZAMORA | § | |

## ORDER

Came to be considered Defendant Meisy Angelica Zamora's Renewed Motion to Revoke Detention Order (Crim. Dkt. No. 352). After considering the relevant filings from Defense and Government in this matter and argument from respective counsel on July 30, 2019, the Court is of the opinion that said Motion should be GRANTED.

I.

Pursuant to 18 U.S.C. § 3142(f), a detention hearing may be re-opened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material well being on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person in the community." The standard has been interpreted by the Fifth Circuit "as asking whether any 'new' information was presented." *United States v. Stanford*, 367 F. App'x 507, 510 (citing *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989)). Defense has presented new information and met this burden by clarifying the potential restitution Defendant may be assessed if convicted of the charges as set forth in the Superseding Indictment (Crim. Dkt. No. 115). While taking into consideration that the overall restitution may be more at sentencing should this matter reach that stage, this is new information that warrants reconsideration of the Detention Order (Crim. Dkt. No. 109) issued in this matter on August 2, 2018.

II.

The Court further finds under the Bail Reform Act, pursuant to 18 U.S.C. § 3142(g), that there are conditions of release that can be set to assure Defendant's appearance. In reaching this conclusion, the Court has taken into consideration the seriousness of the charges against Movant as well as Movant's personal circumstances, as set forth in the Pretrial Report (Crim. Dkt. No.

1

107) submitted under seal. The case is set for a Bond Determination Hearing for Friday, August 2, 2019, at 9:00 a.m. at the Federal Courthouse in McAllen, Texas.[1]

### III.

Defendant's Motion also alleges a due process violation due to the length of the detention. The claim is meritless considering Movant's substantial ties to Mexico as well as the complexity and seriousness of the charges. *See Hare*, 873 F.2d at 801 (including the complexity of a case as a factor to consider, in addition to factors relevant in the initial detention decision, when determining if due process has been violated by the length of pretrial confinement); *see also United States v. Stanford*, 722 F. Supp. 2d 803, 809 (S.D. Tex. 2010), *aff'd*, 394 F. App'x 72 (5th Cir. 2010) ("Other courts across the nation have found that pretrial detention periods of much more than nineteen months do not violate due process.") (citations omitted).

SO ORDERED, this the 31st day of July, 2019 at McAllen, Texas.

Juan F. Alanis
United States Magistrate Judge

---

[1] Either party may wish to appeal the final decision of release in this matter, the appropriate time to appeal will be after the scheduled Bond Determination Hearing. *See* 18 U.S.C. § 3145(a).