UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 7:18-CR-00855-S2 |
| | § | |
| MEISY ANGELICA ZAMORA | § | |

### DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE OR APPROVE CO-SURETY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MEISY ANGELICA ZAMORA, Defendant, by and through her undersigned counsel Christopher Sully, and respectfully files this Motion to Modify Conditions of Release or Approve Co-Surety. Specifically, she respectfully requests that the co-surety applicant be approved, or that a corporate co-surety be allowed.

### BACKGROUND

On August 2, 2019, the Magistrate Court set conditions of release that included a $250,000 bond with a $25,000 deposit and "a suitable co-surety approved by the Court." 8/2/19 minute entry. Despite a request from the defense, the Magistrate Court stated that it would not allow a corporate surety.

After an appeal by the government, the District Court affirmed the bond conditions, but raised the deposit to $40,000. After initially announcing that it would appeal further and requesting a stay, the government advised that it would not appeal further.

Nevertheless, more than 60 days later, Mrs. Zamora has still not been released because a co-surety has not been approved, even though she is ready to meet all the other conditions. As soon as the bond conditions were affirmed, an individual with a net worth of at least $210,000 (the amount left unsecured after the $40,000 deposit) in non-homestead real property, who was

1

reportedly also a U.S citizen with no criminal history, applied to be a co-surety, but was eventually disapproved for unspecified reasons.

Since then, Mrs. Zamora has continued to search for another individual who can be a suitable potential co-surety with these qualifications, but has been unable to find any, at least not any with sufficient net worth if their homestead is not counted. However, she has found a corporate surety that would be willing and able to serve, if allowed by the Court.

## AUTHORITY

One of the conditions that a court can impose under the Bail Reform Act is a bail bond with a surety or sureties:

> [The court may require the defendant to] execute a bail bond with solvent sureties; who will execute an agreement to forfeit in such amount as is reasonably necessary to assure appearance of the person as required and shall provide the court with information regarding the value of the assets and liabilities of the surety if other than an approved surety and the nature and extent of encumbrances against the surety's property; such surety shall have a net worth which shall have sufficient unencumbered value to pay the amount of the bail bond[.]

18 U.S.C. § 1342(c)(1)(B)(xii). The Bail Reform Act does not impose any other requirements on the surety other than solvency—specifically that the surety have a sufficient net worth to pay the amount of the bail bond if needed. It does not impose any requirements as to citizenship or criminal history or anything else, and it does not prohibit a corporate surety or the counting of the surety's homestead in calculating net worth. Instead, caselaw contains examples where corporate sureties have been not only approved, but also specifically ordered, instead of an individual surety. *See, e.g., United States v. Giordano*, 370 F. Supp. 2d 1256, 1272 (S.D. Fla. 2005), *United States v. Chagra*, 850 F. Supp. 354, 355-56 (W.D. Pa. 1994).

## ARGUMENT

Mrs. Zamora does not know why the individual co-surety applicant was disapproved, but if that applicant was disapproved for any reason other than net worth or solvency, she respectfully requests that the individual be reconsidered and approved as long as that applicant can meet the Bail Reform Act's requirements of solvency and of sufficient net worth to secure the bail bond. Additionally, any other individual who is sufficiently solvent should be allowed to serve as a co-surety, regardless of citizenship or criminal history or any other factor not listed in the Bail Reform Act, and should be allowed to use their homestead to demonstrate their net worth. Alternatively, she respectfully requests that the Court allow her to use a corporate surety who would meet those solvency and net-worth requirements under the Bail Reform Act.

## CONCLUSION

For these reasons, Mrs. Zamora respectfully requests that the aforementioned co-surety applicant be approved, or that a corporate co-surety be allowed.

Respectfully submitted,

*s/Christopher Sully*
CHRISTOPHER SULLY
Attorney-in-Charge
Counsel for Meisy Angelica Zamora
Southern District of Texas 1119552
Texas State Bar No. 24072377
LAW OFFICE OF CHRIS SULLY
5804 N. 23rd St.
McAllen, TX 78504
Tel.: (956) 413-7271
Fax: (888) 990-1525
csully@sullylaw.com

**CERTIFICATE OF CONSULTATION**

Assistant U.S. Attorney Adrienne Frazior is unopposed to reconsidering the prior applicant as long as there is no change in the conditions on which they were evaluated, but is opposed to a corporate co-surety.

*s/Christopher Sully*
CHRISTOPHER SULLY

**CERTIFICATE OF SERVICE**

On October 7, 2019, this motion was served via ECF on all counsel of record.

*s/Christopher Sully*
CHRISTOPHER SULLY