UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    v.                                                    )<br>                                                         )     Criminal Case No.  18-CR-855<br>JORGE ZAMORA-QUEZADA,        )<br>MEISY ANGELICA ZAMORA,         )<br>ESTELLA NATERA, and                 )<br>FELIX RAMOS,                                 )<br>                                                         )<br>            Defendants.                         ) | |

**GOVERNMENT'S BRIEF TO EXCLUDE DEFENDANT'S HEARSAY EVIDENCE**

The United States of America hereby files this brief to exclude Defendant Jorge Zamora-Quezada ("Defendant") from improperly introducing through an agent prior statements made by a non-testifying Government expert.  Defendant recently disclosed that he intends to call Task Force Officer ("TFO") Miguel Ramirez, a Texas Health and Human Services Commission agent who participated in a pre-trial interview of a Government expert, Dr. Eric Ruderman.  The Government did not call this expert, nor this agent, as a witness at trial.  Neither the Government nor Defendant identified TFO Ramirez on their witness lists before trial.  Defendant has stated that he intends to call TFO Ramirez to elicit testimony regarding a particular statement made by Dr. Ruderman during a pre-trial interview.  This blatant hearsay is inadmissible.

The proposed testimony is an agent's recollection without context based on a report that Dr. Ruderman did not adopt.  Further, the purported testimony is probative of nothing because Dr. Ruderman's statement was based on the hypothetical assumption that Defendant Zamora-Quezada's files were true and accurate.  The Government has presented substantial evidence at trial that Defendant's patient records contained false information, sometimes added to the files by

medical assistants months or years after the patient was seen. Thus, whatever a non-testifying expert said about these falsified records is effectively useless.

I. **FACTUAL BACKGROUND**

The United States retained Dr. Ruderman, an out-of-state rheumatologist, to review patient files for this case. In August 2019, after reviewing files for four patients, Dr. Ruderman stated, among other things, that two of the patients whose files he reviewed could have had rheumatoid arthritis *assuming Defendant Zamora-Quezada's medical records for these patients were accurate.* This information was not included in TFO Ramirez's original interview report, but was included in TFO Ramirez's handwritten notes, which were provided to Defendant and which he reviewed in September 2019, a few weeks after receiving the original interview report. TFO Ramirez wrote an interview report addendum with this information in October 2019.

II. **ARGUMENT**

Defendant apparently intends to introduce testimony about TFO Ramirez's recollection of and report on the August 2019 interview of Dr. Ruderman, which will necessarily describe what this non-testifying expert said, including references to that agent's report and notes of this interview. It is undisputed that such testimony is hearsay. Because is not subject to any exception, it must be excluded.[1]

---

[1] For example, any argument that the agent's and/or expert's statements are admissible as party admissions under Rule 801(d)(2)(D) must fail. *See United States v. Garza*, 448 F.3d 294, 298 (5th Cir. 2006) (noting that the Fifth and "other circuits have declined to extend Rule 801(d)(2)(D) to statements made by government agents, especially in criminal trials"). Further, courts in this Circuit have found in the civil context that the statements of non-testifying experts who were retained to possibly testify at trial (as here) are not considered to have made party admissions under this hearsay exception as they are not under that party's control. *See Fractus, S.A. v. AT&T Mobility LLC*, 2019 WL 4805910, at *2-3 (E.D. Tex. Sept. 30, 2019) (collecting cases).

It is also undisputed that the agent, since he is not a doctor, has no personal knowledge of the basis for the non-testifying expert's statements, and thus has no personal knowledge of the testimony Defendant seeks to obtain as required under Federal Rule of Evidence 602.  He just knows what Dr. Ruderman said.  The personal knowledge requirement and the hearsay rule "are cut at least in part from the same cloth," as Rule 602 prevents a witness from testifying about a hearsay statement upon which he has no personal knowledge.  *United States v. Quezada*, 754 F.2d 1190, 1195 (5th Cir. 1985).  It is common sense that a witness may not merely repeat the subject matter of a hearsay statement, nor may he rely on inadmissible hearsay as a substitute for his own personal knowledge.  *Id.*  TFO Ramirez would necessarily be doing both if he testified.

Defendant is seeking to introduce these hearsay statements for the truth of the matter asserted, and to argue that they are somehow exculpatory, through TFO Ramirez instead of the expert himself.  This is precisely what the hearsay rule is designed to prevent.

To the extent that Defendant argues he is not seeking to introduce the testimony to prove the truth of the matter asserted, and instead simply seeks to show such statements were made to TFO Ramirez, the testimony should be excluded under Federal Rule of Evidence 403.  The reason the Government did not call Dr. Ruderman to the stand shows why the proposed testimony cannot be admitted in the manner Defendant suggests.  Context is necessary to avoid confusing and misleading the jury.

Dr. Ruderman's statement relied on the hypothetical assumption that Defendant's medical records for these two patients were true and accurate.  The evidence, including testimony from Defendant's former employees (Dr. Bricia Toro, Dr. Robert Persellin, Dr. Emilia Dulgheru, and Raymundo Moreno, to name a few) and the patients themselves, shows that Defendant's patient files falsely described patients' actual symptoms and physical conditions.  Dr. Ruderman did not

3

treat or even talk to any patients in this case, and could necessarily only conduct a file review. The same is true of Defendant's expert, Dr. Bruce Freundlich. But the files were falsified, so the Government elected not to call Dr. Ruderman. Instead, the Government relied on the testimony of the patients themselves and <u>seven</u> rheumatologists who actually treated the patients. Given this backdrop, to allow an agent to testify about Dr. Ruderman is unfairly prejudicial. Having an unqualified witness repeat what Dr. Ruderman said without giving a qualified doctor a chance to explain further is why the hearsay rule prevents such testimony.

Further, despite having had the information he seeks to elicit for several months, Defendant nevertheless chose to notice his intent to call TFO Ramirez on the eve of his defense case, at the eleventh hour. If Defendant is allowed to call TFO Ramirez to discuss what Dr. Ruderman said, it is only fair that the Government be allowed give context to Dr. Ruderman's prior statements, and its decision not to call this expert, by explaining through TFO Ramirez why it chose not to call Dr. Ruderman.

## **CONCLUSION**

For the foregoing reasons, Defendant's attempt to call TFO Ramirez to comment on a non-testifying expert's pre-trial interview should be denied as improper hearsay.

    Respectfully submitted,

    ROBERT ZINK, CHIEF
    CRIMINAL DIVISION, FRAUD SECTION
    U.S. DEPARTMENT OF JUSTICE

    */s/ Emily M. Gurskis*
    JACOB FOSTER
    Assistant Chief
    REBECCA R. YUAN
    EMILY M. GURSKIS
    Trial Attorneys
    Fraud Section, Criminal Division

Department of Justice
1400 New York Avenue, NW
Washington, D.C. 20530
Jacob.Foster@usdoj.gov

RYAN K. PATRICK
UNITED STATES ATTORNEY

*/s/ Cynthia Villanueva*
CYNTHIA VILLANUEVA
Assistant United States Attorney
U.S. Attorney's Office
Southern District of Texas
1701 W. Highway 83, #600
McAllen, Texas 78501

**Certificate of Service**

I certify that on January 8, 2020, I filed via the Electronic Court Filing (ECF) system the foregoing document and that a copy was served on all counsel of record who have consented to receive service through ECF.

*/s/ Emily Gurskis*
Trial Attorney
Fraud Section, Criminal Division
Department of Justice